IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HANNIBAL MU BEY, Estate (Ex. Rel. Larry Jackson)**, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 14 C 9912 |
| **JP MORGAN CHASE BANK, N.A.**, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiffs designate themselves as "Hannibal Mu Bey, Estate and Michelle Chin Bey, Estate."[1] Plaintiffs have accompanied the Notice with an In Forma Pauperis Application ("Application"), employing the form provided by the Clerk's Office for use by pro se plaintiffs. Because the Application is signed by only the first-named plaintiff, it is incomplete as a basis for in forma pauperis treatment -- but what dooms this action in any event is its total nonconformity with the requirements for plaintiffs' law-based entry through the federal courthouse door.

Despite the "Notice" label attached to plaintiffs' filing, which would indicate their attempted compliance with the provisions of 28 U.S.C. §§ 1441[2] and following, no state court pleading forms a part of the filing. Instead the Notice simply contains a reference to Case No.

---

[1] Although it appears from the attachment to the caption sheet, which is also labeled "Notice of Removal" ("Notice"), that plaintiffs' real names are Larry Jackson and Michelle Chin, the nature of their filing indicates that the names that they use instead may identify them as members of the so-called "sovereign citizens" persuasion, a belief that is also supported by other aspects of the Notice included under the heading "Complant [sic]." But in any event that is only a digression, and the text will go on to deal with the dispositive issues raised by the purported Notice.

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

14 M1 727516 in the Circuit Court (obviously of Cook County), and lists the plaintiffs here as "plaintiffs" and JP Morgan Chase Bank and some individuals as "defendants." That confused and confusing submission simply cannot do the job:

1. If the plaintiffs here are indeed plaintiffs in the Circuit Court case whose number is listed in the Notice, any attempted removal to this District Court by plaintiffs would be improper because Section 1441(a) limits removal to the defendant or defendants in a state court action.

2. If instead the plaintiffs here are defendants in the state court action, the so-called Notice is totally out of sync with Section 1446(a), which requires that any notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

In sum, the Notice is fatally defective -- so much so that the purported action must be remanded to the Circuit Court. That is so because plaintiffs have not come even close to establishing federal subject matter jurisdiction, and that in turn brings into play this provision of Section 1447(c):

> If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded.

Accordingly this Court orders such remand and directs the Clerk of this Court to mail a certified copy of the remand order to the Clerk of the Circuit Court of Cook County forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 16, 2014